1
2
3
4

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DALE WALSH,

        Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LOCAL
UNION #357, et al.,

        Defendant.

2:08-CV-1287 JCM (LRL)

**ORDER**

    Presently before the court is defendant International Brotherhood of Electrical Workers (IBEW) Local Union 357's (hereinafter "IBEW Union") motion for attorneys' fees and nontaxable costs filed on October 7, 2009. (Doc. # 18). Pursuant to Local Rule 7-2(b), plaintiff's opposition was due on October 25, 2009. To date, plaintiff has not filed an opposition.

    Plaintiff's complaint (doc. #1) asserts claims of specific performance, unjust enrichment, and violations of the Employment Retirement Income Security Act (ERISA) when the International Brotherhood of Electrical Workers Local Union 357 Pension Fund's (hereinafter "IBEW Pension Plan") Trustee Board reversed its decision to grant the plaintiff's pension and suspended his pension benefits indefinitely. Although both the IBEW Union and the IBEW Pension Plan were named as defendants, plaintiff failed to serve the complaint on the IBEW Pension Plan. As a result, this court granted the IBEW Union's motion for summary judgement on September 25, 2009. (Doc. # 16). Defendant IBEW Union now requests that this court award attorneys' fees and costs in its favor and

**James C. Mahan**
**U.S. District Judge**

against both the plaintiff and his counsel.

The Employee Retirement Income Security Act (ERISA) provides that a court may "in its discretion...allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether an award of attorneys' fees and costs is proper under this section, the court must consider five factors: 1) the degree of the opposing party's culpability or bad faith; 2) the ability of the opposing party to satisfy an award of fees; 3) whether an award of fees would deter the others from acting in similar circumstances; 4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and 5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

According to Federal Rule of Civil Procedure 54(d)(2)(D), the court's local rule "may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings." As such, in addition to the ERISA provision, a party moving for an award of attorneys' fees must also comply with the local rules. According to LR 54-16(b) and (c), a motion for attorney's fees must contain a reasonable itemization and description of the work performed, attorney affidavit, and a brief summary as described in the rule.

Here, defendant IBEW Union's motion does not contain the necessary requirements and only includes a requested sum of $15,558.62. According to LR 54-16(d), failure to provide the information required in LR 54-16(b) and (c) constitutes a consent to the denial of the motion for attorneys' fees.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant IBEW's motion for attorneys' fees and nontaxable costs (Doc. # 18) be, and the same hereby is, DENIED.

DATED this 16th day of November, 2009.

_____
UNITED STATES DISTRICT JUDGE